**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: BOSTON SCIENTIFIC CORP.**
**PELVIC REPAIR SYSTEM PRODUCTS**
**LIABILITY LITIGATION**

Velvette Hannig v. Rafael G. Juarez, M.D., et al., )
D. Nevada, C.A. No. 2:12-02058 ) MDL No. 2326

**TRANSFER ORDER**

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiff moves to vacate our order that conditionally transferred this action to MDL No. 2326. Defendant Boston Scientific Corp. (Boston Scientific) opposes the motion to vacate.

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2326, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiff does not dispute that this action shares questions of fact with MDL No. 2326. Like many of the already-centralized actions, this action involves factual questions arising from allegations that pelvic surgical mesh products manufactured by Boston Scientific were defectively designed, manufactured and marketed, resulting in serious injuries, and that defendant failed to provide appropriate warnings and instructions regarding the risks and dangers posed by the device. *See In re: Boston Scientific Corp. Pelvic Repair Sys. Prods. Liab. Litig., et al.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012).

In support of the motion to vacate, plaintiff primarily argues that this action was improperly removed and plaintiff's motion to remand to state court is pending. The Panel has often held that jurisdictional issues do not present an impediment to transfer, as plaintiff can present such arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*] Judge John G. Heyburn II did not participate in the disposition of this matter.

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

A TRUE COPY CERTIFIED ON
APR - 1 2013
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia
By ______ Deputy

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.
Marjorie O. Rendell
Lewis A. Kaplan
Paul J. Barbadoro
Charles R. Breyer