UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VELVETTE HANNIG, | 2:12-cv-2058-LDG-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| RAFAEL G. JUAREZ, M.D., et al., | |
| Defendants. | |

The court must decline to adopt the magistrate judge's report and recommendation to grant the motion to remand (#24, objections #26, response #27), not based on the merits of the procedural misjoinder analysis, but because, on the facts of this case, the court has been divested of jurisdiction over the motion to remand. Seltmann v. A.W. Chesterton Co., 2009 WL 361947, at *2-3 (N.D. Cal. Feb. 12, 2009); see also In re Korean Air Lines Co., Ltd., Antitrust Litig., 642 F.3d 685, 699 (9th Cir. 2011) ("A district court exercising authority over cases transferred for pretrial proceedings 'inherits the entire pretrial jurisdiction that the transferor district judge would have exercised if the transfer had not occurred'") (citing 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3866 (3d ed. 2010)); Phenylproponolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1230 (9th Cir. 2006) ("When the transfer becomes effective, 'the jurisdiction of the transferor court ceases and the transferee court has exclusive jurisdiction'") (citing MANUAL FOR COMPLEX LITIGATION § 20.131 at 220 (4th ed. 2004)).

In this case, the Judicial Panel on Multidistrict Litigation issued a conditional transfer order (MDL No. 2326) on December 10, 2012.  Plaintiff filed her motion to remand (#7) on December 13, 2012.  On April 1, 2013, the conditional transfer order became final with its filing in the office of the clerk of the transferee court (#20). On April 16, 2013, this court referred the motion to remand to the magistrate judge for issuance of a report and recommendation (#23), based on the magistrate judge's "prior sound analyses in cases raising the issues presented [in the motion to remand."

While the court had authority to rule on the motion to remand during the pendency of the conditional transfer order, it was divested of such authority when that order became final on April 1, 2013.  See In re: Boston Scientific Corp. Pelvic Repair Systems Prods. Liab. Litig., MDL No. 2326, at n.1 (JPML 2013); Seltmann, at *2.  In his report and recommendation, the magistrate judge did not have the opportunity to specifically address whether the court retained jurisdiction to rule on the motion to remand after the conditional transfer order became final.  In fact, defendant Boston Scientific Corp., did not file its "Notice of Final Transfer Order" (#25) and accompanying authorities until after the magistrate judge issued the report and recommendation.  Finally, Green v. Wyeth, 344 F. Supp.2d 674 (D. Nev. 2004), cited by plaintiff, is not on point.  In Green, "[t]he Panel ha[d] not yet transferred the case to the MDL court."  Id. at 677.

Hopefully, the magistrate judge's treatment of the remand issues will be helpful to the MDL, or this court at the appropriate time.  Until then, however,

THE COURT HEREBY DECLINES to adopt the report and recommendation (#24), and to rule on the motion to remand (#7), as it lacks jurisdiction to do so.

Dated this _____ day of January, 2014.

_____
Lloyd D. George
United States District Judge