1
2
3
4
5 **UNITED STATES DISTRICT COURT**

6 **DISTRICT OF NEVADA**

7
8
9 VELVETTE HANNIG,                                            2:12-cv-2058-LDG-GWF

10         Plaintiff,

11 v.                                                         **ORDER**

12 RAFAEL G. JUAREZ, M.D., et al.,

13         Defendants.

14

15         The court must decline to adopt the magistrate judge's report and recommendation to grant

16 the motion to remand (#24, objections #26, response #27), not based on the merits of the

17 procedural misjoinder analysis, but because, on the facts of this case, the court has been divested

18 of jurisdiction over the motion to remand.  Seltmann v. A.W. Chesterton Co., 2009 WL 361947, at

19 *2-3 (N.D. Cal. Feb. 12, 2009); see also  In re Korean Air Lines Co., Ltd., Antitrust Litig., 642

20 F.3d 685, 699 (9th Cir. 2011) ("A district court exercising authority over cases transferred for

21 pretrial proceedings 'inherits the entire pretrial jurisdiction that the transferor district judge would

22 have exercised if the transfer had not occurred'") (citing 15 Charles Alan Wright, Arthur R. Miller

23 & Edward H. Cooper, Federal Practice & Procedure § 3866 (3d ed. 2010)); Phenylproponolamine

24 (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1230 (9th Cir. 2006) ("When the transfer becomes

25 effective, 'the jurisdiction of the transferor court ceases and the transferee court has exclusive

26 jurisdiction'") (citing MANUAL FOR COMPLEX LITIGATION § 20.131 at 220 (4th ed. 2004)).

1    In this case, the Judicial Panel on Multidistrict Litigation issued a conditional transfer

2  order (MDL No. 2326) on December 10, 2012.  Plaintiff filed her motion to remand (#7) on

3  December 13, 2012.  On April 1, 2013, the conditional transfer order became final with its filing

4  in the office of the clerk of the transferee court (#20).  On April 16, 2013, this court referred the

5  motion to remand to the magistrate judge for issuance of a report and recommendation (#23),

6  based on the magistrate judge's "prior sound analyses in cases raising the issues presented [in the

7  motion to remand."

8    While the court had authority to rule on the motion to remand during the pendency of the

9  conditional transfer order, it was divested of such authority when that order became final on April

10  1, 2013.  See In re: Boston Scientific Corp. Pelvic Repair Systems Prods. Liab. Litig., MDL No.

11  2326, at n.1 (JPML 2013); Seltmann, at *2.  In his report and recommendation, the magistrate

12  judge did not have the opportunity to specifically address whether the court retained jurisdiction to

13  rule on the motion to remand after the conditional transfer order became final.  In fact, defendant

14  Boston Scientific Corp., did not file its "Notice of Final Transfer Order" (#25) and accompanying

15  authorities until after the magistrate judge issued the report and recommendation.  Finally, Green

16  v. Wyeth, 344 F. Supp.2d 674 (D. Nev. 2004), cited by plaintiff, is not on point.  In Green, "[t]he

17  Panel ha[d] not yet transferred the case to the MDL court."  Id. at 677.

18    Hopefully, the magistrate judge's treatment of the remand issues will be helpful to the

19  MDL, or this court at the appropriate time.  Until then, however,

20    THE COURT HEREBY DECLINES to adopt the report and recommendation (#24), and to

21  rule on the motion to remand (#7), as it lacks jurisdiction to do so.

22

23    Dated this ____ day of January, 2014.

24    _____
       Lloyd D. George
25    United States District Judge

26

2